,kBythe Court,
Nelson, C. J.
Does the libel impute to the [ *647 ] plaintiff the offence of kidnapping within the Be vised Statutes ?
The statutes, 2 R. S. 553, § 28, provide that every person who shall, without lawful authority, forcibly seize and confine any other, or shall inveigle or Tddnap any other with intent, either—1, to cause such other person to be secretly confined or imprisoned in this state against his will; 2, to cause such other person to be sent out of this state against his will, or—-3, to cause such person to be sold as a slave, or in any way held to service against his will, shall, upon conviction, be punished by imprisonment in the state prison not exceeding ten years; and by § 31, that every person convicted of having been an accessory after the fact to any kidnapping, &c. shall be punished by imprisonment in a state prison not exceeding six years, or in a county jail not exceeding, &c. The libel charges, that the plaintiff with others kidnapped Lee, a free colored man, and hurried him away from his wife and children > into slavery; one went up to shake hands with him, while the others were ready to use the gag and chain—that this was not a rare case, as many northern freemen have been enslaved, in some cases under color of law. Now, one of the cases of felonious kidnapping as defined in the statutes above recited, is the forcible seizing|of another with the intent to cause him to he held to service against his will; an act which appears to me to be directly and completely charged in the words of the publication. Seizing Lee, and hurrying him away from his wife and children, gagged and chained, into slavery, imports at least a seizure or kidnapping with intent to cause him to be held to service against his will. At all events, a sufficient foundation would be laid by such facts, on a trial of the defendant for the crime, if proved, to warrant the jury in finding him guilty. The learned judge was right, therefore, in this part of his charge.
Were the articles in the Emancipator, under date of the 16th March and 4th May, 1837, referred to in the libel, admissible in evidence to show that the defendant had probable cause for believing the truth of the publication, rebutting *malice ? &c. They were admitted for the pur- [ *648 ] pose of explanation, and to interpret the true meaning of the libel; but denied to be material or pertinent in the view claimed. Now, on • looking at the articles in question, in connection with the libel, it is most manifest that they tend directly to aggravate rather than mitigate its character ; as they explain the whole transaction to which it relates, and of which it purports to give an account, by shewing that the seizure of Lee, the colored man, took place in pursuance of lawful authority, to wit, the warrant of the governor, on a charge that he was a fugitive felon from Virginia. By the reference to these articles in the libel, it appears that this explanation *494 • was before the defendant, at the very time when he penned, or adopted, and inserted it in the almanac; thereby negativing every pretence of misapprehension or mistake.
New trial denied.